**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                                **CR** 14-435-R

Defendant **SAMUEL ESPINOZA**                                    S.S.#-------NONE
         AKA: ADAN ALBERTO GARCIA

Residence: Phoenix House-Venice                         Mailing:    Same
           503 Ocean Front Walk
           Venice, CA 90291

------------------------------------------------------------------------
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
------------------------------------------------------------------------

   In the presence of the attorney for the government, the defendant appeared in person, on:   December 4, 2014
                                 Month / Day / Year

COUNSEL: XX  WITH COUNSEL   Jason Hannan, DFPD

 X PLEA:
     X    GUILTY, and the Court being satisfied that there is a factual basis for the plea.
         NOLO CONTENDERE           NOT GUILTY

FINDING:
   There being a finding of  X  GUILTY, defendant has been convicted as charged of the offense(s) of: Access Device Fraud in violation of Title 18 U.S.C. § 1029(a)(5), as charged in count three of the First Superseding Indictment; Unlawful Possession of Counterfeit United States Postal Service Key in violation of Title 18 U.S.C. § 1704, as charged in count five of the First Superseding Indictment; Possession of Stolen Mail in violation of Title 18 U.S.C. § 1708, as charged in count six of the First Superseding Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:

   Eight (8) months of imprisonment and Eight (8) months in home confinement on each of counts 3, 5, and 6 of the First Superseding Indictment, to be served concurrently.

   IT IS FURTHER ADJUDGED that upon release from imprisonment/home confinement, the defendant shall be placed on supervised release for a term of three (3) years.  This term consists of three years on each of counts 3, 5, and 6 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions: **1)** the defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order

-- **GO TO PAGE TWO** --                                 _____CCH_____
                                                         Deputy Clerk

U.S.A. V. SAMUEL ESPINOZA                                       CR 14-435-R
-- CONTINUED FROM PAGE ONE --                                     PAGE TWO
================================================================

## JUDGMENT AND PROBATION/COMMITMENT ORDER

================================================================

01-05; **2)** the defendant shall not commit any violation of local, state, or federal law or ordinance.; **3)** the defendant shall cooperate in the collection of a DNA sample from the defendant; **4)** the defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; **5)** the defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer; **6)** the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer; **7)** the defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision; **8)** During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer; **9)** As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer; **10)** the defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at: United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012; **11)** When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the

-- **GO TO PAGE THREE** --                                    _____CCH_____
                                                                Deputy Clerk

**U.S.A. V. SAMUEL ESPINOZA**                                          **CR 14-435-R**
-- CONTINUED FROM PAGE TWO --                          **PAGE THREE**
================================================================
## JUDGMENT AND PROBATION/COMMITMENT ORDER
================================================================

defendant shall perform 20 hours of community service per week as directed by the Probation Office.

     IT IS FURTHER ORDERED that defendant shall comply with General Order No. 01-05.

     IT IS FURTHER ORDERED that defendant pay a special assessment of $300.00, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

     IT IS FURTHER ORDERED that the defendant shall pay restitution in the total amount of $12,990.26 pursuant to 18 U.S.C. § 3663A. Defendant shall pay restitution in the total amount of $12,990.26 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

     IT IS FURTHER ORDERED that restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $100, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

     IT IS FURTHER ORDERED that if the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

     IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

     IT IS FURTHER ORDERED that all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

-- GO TO PAGE FOUR --                                         \_\_\_\_CCH_____
                                                                          Deputy Clerk

**U.S.A. V. SAMUEL ESPINOZA**                                               **CR 14-435-R**
**-- CONTINUED FROM PAGE THREE --**                                         **PAGE FOUR**
==========================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
==========================================================

    IT IS FURTHER ORDERED that the defendant shall surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon of **JANUARY 5, 2015.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

    IT IS FURTHER ORDERED that in the interest of justice, all remaining counts are dismissed.

    IT IS FURTHER ORDERED that the bond is exonerated upon surrender.

Signed by:   District Judge   _____
                                    **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                    Terry Nafisi, Clerk of Court

Dated/Filed: December 10, 2014        By: /S/ Christine Chung
             Month / Day / Year             Christine Chung, Deputy Clerk

<small>In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.</small>

CC: FISCAL

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

| | | |
|---|---|---|
| Defendant delivered on | _____ | to _____ |
| Defendant noted on appeal on | _____ | |
| Defendant released on | _____ | |
| Mandate issued on | _____ | |
| Defendant's appeal determined on | _____ | |
| Defendant delivered on | _____ | to _____ |

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____         _____
Date                                   Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____          _____
Filed Date                                              Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
Defendant                                                Date


_____          _____
U. S. Probation Officer/Designated Witness        Date